NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE TERESA GUIDICE, <br><br> Debtor <br><br> JOHN SYWILOK, Trustee, and TERESA GUIDICE, Debtor, <br><br> Appellees, <br><br> and <br><br> JAMES A. KRIDEL, JR., <br><br> Appellant. | Civil Action No.: 16-9444 (JLL) <br><br> OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Appellant James A. Kridel, Jr.'s Motion to Stay the Bankruptcy Court's Order Permitting a State Court Action to Proceed. (ECF No. 15). Appellees John Sywilok ("Trustee") and Teresa Guidice ("Debtor") have submitted Opposition to the Motion (ECF No. 16), which Appellant has replied to. (ECF No. 17). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies the Motion to Stay the Bankruptcy Court's Order.

## BACKGROUND[1]

The issues subject to the pending Bankruptcy Appeal are not relevant to this disposition of

---

[1] This background is derived from the Bankruptcy Record which the parties have designated and submitted to this Court. (ECF Nos. 2, 5).

this Motion. Accordingly, the Court will focus its attention on the salient facts.

On October, 29, 2009, Debtor filed a Voluntary Petition for Chapter 7 Bankruptcy protection in the United States Bankruptcy Court for the District of New Jersey, pursuant to the Bankruptcy Code. (*See* Bankr. D.N.J. No. 09-39032 ECF No. 1 ("Bankruptcy Action")). Debtor initially retained Appellant to assist in the filing, and disposition, of the Bankruptcy Action. (*See generally* Bankruptcy Action).

At some point during the pendency of the Bankruptcy Action, Debtor, as well as her husband, became the targets of a Federal Grand Jury Investigation for mortgage and bankruptcy fraud. The allegations in connection with the bankruptcy fraud was that Debtor, through Appellant as her Bankruptcy attorney, omitted various income in her initial bankruptcy schedules. (Bankruptcy Action, ECF No. 180-3 ¶¶ 103-117). Specifically, Appellant failed to include Debtor's employment on "*The Real Housewives of New Jersey*," and simply listed her as "unemployed." (Bankruptcy Action, ECF No. 180-3 ¶ 104). Appellant also failed to list any automobiles owned or leased by Debtor, despite the fact that she owned a Cadillac Escalade and was leasing a Maserati. (Bankruptcy Action, ECF No. 180-3 ¶¶ 107-08).

Debtor claims that, based on Appellant's errors, which she was unaware of, Debtor waived her bankruptcy discharge, ultimately pled guilty to three counts of Bankruptcy fraud, and was sentenced to fifteen months of incarceration. (Bankruptcy Action, ECF Nos. 140, 180-3 ¶¶ 27, 255-57). In light of these allegations, Debtor instituted a legal malpractice action in the Superior Court of New Jersey, Morris County, Law Division, in 2015. *See Guidice v. Kridel*, Dkt. No. MRS-L-1861-15 ("Malpractice Action"). There, Debtor alleged Appellant failed to properly handle the Bankruptcy Action. Debtor also asserted that Appellant concealed his various

conversations with the United States Government relating to the Federal Grand Jury Investigation. (Bankruptcy Action, ECF No. 180-3 ¶¶ 4, 180-85). Finally, Debtor also alleged that Appellant failed to explain the import of a "Target Letter" and advise her of the necessity to retain a criminal defense attorney. (Bankruptcy Action, ECF No. 180-3 ¶¶ 211-12).

Appellant initially moved to dismiss the Malpractice Action, but the application was unsuccessful. *See See Guidice v. Kridel*, Dkt. No. MRS-L-1861-15. Thereafter, Appellant advised Trustee of the Malpractice Action, which prompted Trustee to successfully move to reopen the Bankruptcy Action. (Bankruptcy Action, ECF No. 188). Debtor requested that the parties be sent to mediation due to the dispute between Trustee and Debtor as to the ownership of the claims in the Malpractice Action. (Bankruptcy Action, ECF No. 211). Judge Meisel ordered to the parties to mediation and appointed Judge Joel Pisano, U.S.D.J. (ret.) as the mediator. (Bankruptcy Action, ECF No 225).

The parties reached a settlement on October 5, 2016. (Bankruptcy Action, ECF No. 240). As a part of the settlement, Debtor was entitled to 55% of the net proceeds from the Malpractice Action and her Bankruptcy Estate would receive the remaining 45%. (Id.). The portion assigned to the Bankruptcy Estate would be distributed in due course by Trustee and pursuant to the Bankruptcy Code. (Id.). On November 1, 2016, Trustee moved before Judge Meisel to approve the compromise, on notice to Appellant as well as Debtor's creditors. (Bankruptcy Action, ECF Nos. 240-242). No creditor filed an objection to the motion. (*See generally* Bankruptcy Action). On November 22, 2016, Appellant filed an Objection to Trustee's Motion as well as a Cross-Motion to intervene in the Bankruptcy Action. (Bankruptcy Action, ECF No. 249). Judge Meisel partially granted Appellant's Motion to Intervene, for the sole purpose of hearing him with regards

to the issue of a conflict of interest between counsel for Debtor and Trustee, Mr. Carlos J. Cuevas, Esq., and the law firm of Brach Eichler, LLC. (Bankruptcy Action, ECF No. 257).

Thereafter, Judge Meisel approved the aforementioned settlement, finding that same was fair and equitable and did not constitute an improper assignment of a tort claim. (Bankruptcy Action, ECF No. 261). That same Order also found that "[t]he 14 day stay contained in Federal Rule of Bankruptcy Procedure 4001(a)(3) is inapplicable." (Id.). Thus, the Malpractice Action was allowed to proceed in due course. Appellant now asks this Court to stay Judge Meisel's Order pending the outcome of the Bankruptcy Appeal.

## LEGAL STANDARD

For this Court to stay Judge Meisel's Order, which lifted the automatic stay and permitted the Malpractice Action to proceed, it would need to find that the following elements are all present: (1) Appellant is likely to succeed on the merits of the appeal, (2) Appellant is likely to suffer irreparable harm in the absence of this relief, (3) the balance of equities tips in the Appellant's favor, and (4) the stay is in the public interest. *See Kraft v. Wells Fargo & Co.*, 2016 U.S. Dist. LEXIS 160990 (D.N.J. Nov. 21, 2016).[2]

## ANALYSIS

Preliminarily, Appellant's application suffers from an incurable procedural defect. Specifically, Appellant should have made this motion before the Bankruptcy Court, pursuant to Fed. R. Bankr. P. 8007(a)(1). That Rule clearly states that if a party seeks to stay a Bankruptcy Court's Order, that "party *must move first in the bankruptcy court for*" said relief. Fed. R. Bankr. P. 8007(a)(1)(emphasis added). Appellant does not disagree with the aforementioned rule, but

---

[2] The parties are in an agreement that this is the applicable legal standard. (ECF No. 15 ("Mov. Br.") at 5, *cf.*, ECF No. 16 ("Opp. Br." at 14)).

4

asserts that his application before the Bankruptcy Court would be futile, which is why he made said Motion herein. (ECF No. 17 ("Rep. Br.") at 3). However, Appellant does not support his assertion with any relevant law or argument as to why moving before the Bankruptcy Court would be futile. Thus, the Court concludes that Appellant's Motion was improperly filed before this Court and denies the application for this reason.

Moreover, even if the Motion was properly before this Court, which it is not, Appellant's Motion must still be denied. This is because Appellant cannot meet the second element of the above standard; mainly, he cannot show any irreparable harm. *Element*, Black's Law Dictionary (10th ed. 2014)("A constituent part of a claim that must be proved for the claim to succeed").

Indeed, Appellant only dedicates on sentence to this element wherein he states "[p]ermitting the state court action to proceed while the appeal is pending would irreparably damage [Appellant], who would incur substantial costs in defending a case that should have never been brought in the first place." (Mov. Br. at 6). Nowhere within his brief does Appellant cite to any case or statute that supports the contention that being involved in litigation, which may cause a person to incur costs, is irreparable harm.

Rather, "[i]n order to demonstrate irreparable harm [Appellant] must demonstrate potential harm which cannot be redressed by a legal or equitable remedy." *Maximum Quality Foods, Inc. v. DiMaria*, 2014 U.S. Dist. LEXIS 170965, *5 (D.N.J. 2014)(Linares, J.)(citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982); *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 356 and n. 9 (3d Cir.1980)). Here, Appellant has failed to articulate any true irreparable harm to support the stay of the Judge Meisel's Order.

Moreover, if Appellant's assertions are true (*i.e.* that the Malpractice Action is frivolous),

New Jersey's Court rules provide for an adequate remedy. Specifically, N.J. Court Rule 1:4-8 contains a detailed process for a party aggrieved by frivolous litigation to recover costs and attorneys' fees. Thus, should Appellant be correct in his assertion, he will have the ability to recover any of the "substantial costs" he may incur in defending the Malpractice Action. Accordingly, the Court concludes that Appellant has failed to demonstrate any potentially irreparable harm in allowing the Malpractice Action to proceed. Therefore, the Court denies his Motion to Stay Judge Meisel's Order.

## **CONCLUSION**

For the reasons above, the Court denies Appellant's Motion to Stay the Bankruptcy Court's Order permitting the Malpractice Action to Proceed. An appropriate Order accompanies this Opinion.

DATED: April 1st, 2017

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE